### DARLINGTON v. HAMILTON BANK OF NEW YORK CITY.

(Supreme Court, Appellate Term.   November 24, 1908.)

TRIAL (§ 165*)—DISMISSAL OF COMPLAINANT—POWER OF COURT.

Where plaintiff's claim was admitted and the defense to a counterclaim for a like amount was alone litigated, it was error to dismiss the complaint and render affirmative judgment for defendant on the counterclaim.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 373; Dec. Dig. § 165.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Marguerite B. Darlington against the Hamilton Bank of New York City. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas H. McKee, for appellant.
Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for respondent.

PER CURIAM. The pleadings are oral, and the evidence offered is not very complete or satisfactory. Plaintiff sued to recover a deposit to her credit in defendant bank of $374.29. The defendant counterclaimed $775 on a promissory note, but at the trial defendant apparently reduced the amount of the counterclaim to $374.29, the exact amount of plaintiff's claim, and presented it as an "offset" to plaintiff's claim. The defense to the counterclaim was infancy. The court below gave judgment dismissing the complaint and awarding to defendant the sum of $374.29 on the counterclaim, together with $26.81 costs. Plaintiff appeals.

The facts seem to be substantially as follows, viz.: The note is dated October 11, 1907, became due on February 11, 1908, and was discounted by defendant bank on October 11, 1907, the day of its date. It was not paid at maturity, although payment was demanded, and it was duly protested. Plaintiff came of age on August 26, 1907. On June 11, 1907, while still an infant, she signed the note in blank, and delivered it to her father immediately thereafter. The latter filled the note out, making it payable to himself, indorsed it, and, as we have seen, dated it October 11, 1907, and got it discounted on the day of its date by defendant. Whether or not plaintiff received any consideration for the note does not appear, but she never saw the note after it had been filled out by her father until it became due and payment was demanded. After becoming of age, she does not appear to have in any manner affirmed the contract, but, on the contrary, she seems to have repudiated it shortly after she reached the age of 21, but subsequent to the discount of the note by defendant, and it does not appear to be disputed that defendant is a bona fide holder for value. There is no claim of fraud in the case. It is unnecessary to discuss the various questions presented, as the learned court below fell into error in dismissing the complaint, for the reason that the plaintiff's claim appears to be admitted, and the defense to the counterclaim alone was litigated at the trial. The amount of the counterclaim at the best could therefore only be offset against the amount of plaintiff's claim, and, the amounts being exactly the same, the affirmative judgment in defendant's favor of $374.29 and costs was improper.

The judgment is reversed and a new trial granted, with costs to appellant to abide the event.